PER CURIAM. The defendant was convicted at June Term, 1939, of Vance Superior Court, on a bill of indictment charging him with being accessory before the fact to an abortion committed upon Mary Lee Fuller by one Ayscue, and having counseled, procured, and commanded the said abortion.

This appeal is based upon an alleged variance between the proof and the indictment and upon an alleged lack of evidence to be submitted to the jury.

Upon careful examination, we are unable to sustain either objection. We find in the case no novel features which would justify an extended review.

In the trial of the case there was

No error.

═══════════

MILDRED BATTEN HINES ET AL. v. PEARL ROSE PEEDIN ET AL.

(Filed 18 October, 1939.)

APPEAL by plaintiffs from *Hamilton, Special Judge,* at April Term, 1939, of JOHNSTON.

Petition for partition among remaindermen after death of life tenant.

From an order of sale for partition and directing the commissioners to pay to the heirs of J. Ransom Rose, who was one of the remaindermen, the taxes advanced by him during occupancy of the premises by the life tenant, the plaintiffs appeal, assigning error.

*Otis L. Duncan for plaintiffs, appellants.*
*W. P. Aycock for defendants, appellees.*

PER CURIAM. Affirmed on authority of what was said in *Smith v. Miller,* 158 N. C., 98, 73 S. E., 118.

Affirmed.

═══════════

W. A. STEELMAN v. HANS REES' SONS, INC.

(Filed 18 October, 1939.)

APPEAL by plaintiff from *Rousseau, J.,* at July Term, 1939, of BUNCOMBE. Affirmed.

This was an action for actionable negligence brought by plaintiff against defendant in the general county court of Buncombe County,

The plaintiff contended that defendant did not exercise due care in that it negligently failed to provide plaintiff with a safe place in which to do his work. The defendant (1) denied negligence, (2) set up a plea of payment, (3) a plea of contributory negligence and assumption of risk, (4) the statute of limitations. The plaintiff in reply challenged all of the defenses made by defendant.

The issues submitted to the county court of Buncombe County were answered in favor of plaintiff. Judgment was rendered on the verdict. The defendant made numerous exceptions and assignments of error and appealed to the Superior Court. The court below rendered judgment reversing the judgment of the general county court and said: "It is further ordered, adjudged and decreed that the plaintiff be nonsuited and that he recover nothing of the defendant; that his cause be dismissed and the plaintiff pay the costs of this action to be taxed by the clerk; that the clerk of this court certify a copy of this judgment to the general county court of Buncombe County."

The plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Sale, Pennell & Pennell and Don C. Young for plaintiff.*
*Harkins, Van Winkle & Walton for defendant.*

PER CURIAM. We have read the record with care and the briefs of the litigants. We see no new or novel proposition of law presented and think the judgment of the court below is correct. The same is therefore
  Affirmed.

---

JOHN ALPHIN v. M. M. SOUTHERLAND AND ASHLEY D. SOUTHER-
LAND, TRADING AS SOUTHERLAND BUS COMPANY.

(Filed 1 November, 1939.)

APPEAL by plaintiff from *Frizzelle, J.,* at June Term, 1939, of LENOIR.

*J. A. Jones for plaintiff, appellant.*
*J. Frank McInnis, L. E. Maxwell, and Allen & Allen for defendants, appellees.*

PER CURIAM. This is an action to recover damages for personal injuries and property damage sustained in a rear end collision between the automobile of the plaintiff and the bus of the defendants alleged to have been caused by the negligence of the defendants.